IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
In re:                           )
                                 )
DONALD F. WELLINGTON,            )
                                 )
      Debtor,                    )
                                 )
_____        )      1:21CV74
                                 )
AAEB5 FUND 17, LLC, and          )
ZSC NYACK HOTEL FUND, LLC,       )
                                 )
      Appellants,                )
                                 )
   v.                            )
                                 )
DONALD F. WELLINGTON,            )
                                 )
      Appellee.                  )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Appellants AAEB5 Fund 17, LLC and ZSC Nyack Hotel Fund, LLC (together, "Appellants") appeal the findings contained in the December 17, 2020 Order, (Doc. 16-7), of the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court"). (Notice of Appeal (Doc. 1); Br. of Appellants, AAEB5 Fund 17, LLC & ZSC Nyack Hotel Fund, LLC ("Appellants' Br.") (Doc. 21).) That Order sustained Donald F. Wellington's ("Debtor-Appellee's") objections to Appellant's late-filed proofs of claim, (Doc. 17-16), and denied Appellants'

Motion to Allow Late Proofs of Claim as Timely Filed, (Doc. 17-23; Doc. 16-7.) The Bankruptcy Court held that Appellants did not demonstrate excusable neglect to warrant allowing their late-filed proofs of claim. (Partial Hr'g Tr. (Doc. 20-1) at 33.)[1] Debtor-Appellee filed a brief in response to Appellants' Brief, (Doc. 22), as did Wells Fargo Bank, N.A. (Doc. 24), and Juniper Time Investor, LLC, (Doc. 25). Appellants also filed a reply. (Doc. 28.)

This court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. This court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). For the reasons set forth herein, this court affirms the ruling of the Bankruptcy Court. (Doc. 16-7.)

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This appeal arises out of Debtor-Appellee's filing for bankruptcy under Chapter 11 of the Bankruptcy Code. (Final Pre-Trial Stipulation of Parties for Rule 9014 Hr'g ("Final Pre-Trial Stipulation") (Doc. 19-16) at 1.) Prior to filing for bankruptcy, Debtor-Appellee executed personal guarantees to

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

-2-

Appellants for loans related to two real estate development projects in the State of New York. (Doc. 17-19 at 2-3.) Debtor-Appellee became unable to pay the loan, and Appellants sued Debtor-Appellee in New York state court. (Id. at 3; Resp. Br. of the Appellee & Reorganized Debtor Donald F. Wellington ("Debtor-Appellee's Resp. Br.") (Doc. 22) at 7-8.) Debtor-Appellee stipulated to consent judgments in favor of Appellants. (Final Pre-Trial Stipulation (Doc. 19-16) at 105-08.) Realizing he was unable to pay the consent judgments, Debtor-Appellee filed for Chapter 11 bankruptcy. (Id. at 94.)

As part of Debtor-Appellee's bankruptcy petition, he listed each Appellant in his Form 104 and Schedule F. (Doc. 18-8; Doc. 17-8 at 20-32.) He also filed notice to creditors, including Appellants. (Final Pre-Trial Stipulation (Doc. 19-16) at 20-21.) The Bankruptcy Court set the deadline for filing proof of claims as May 20, 2020. (Id. at 1.) Appellants filed their proofs of claim on May 25, 2020, five days late. (Id.)

On June 2, 2020, Debtor-Appellee filed his objections to Claims on the grounds Appellants' claims were not timely filed. (Doc. 17-16.) Throughout June and July 2020, Debtor-Appellee and other creditors engaged in extensive negotiations, where they were ultimately able to reach a settlement agreement. (Report of Mediator (Doc. 17-17).) On July 27, 2020, Debtor-Appellee moved

-3-

Case 1:21-cv-00074-WO   Document 29   Filed 09/13/21   Page 3 of 17

for approval of the mediated settlement agreement, which the Bankruptcy Court approved. (Doc. 17-21; Doc. 16-5; Doc. 16-6.) Three days later, Appellants filed a response, (Doc. 17-24), to Debtor-Appellee's objections, along with a Motion to Allow Claims. (Doc. 17-23.)

On December 15, 2020, the Bankruptcy Court held a hearing where it ruled on Debtor-Appellee's objections and Appellants' Motion to Allow Claims. (Partial Hr'g Tr. (Doc. 20-1).) The Bankruptcy Court sustained Debtor-Appellee's objections and denied Appellants' motion. (Id. at 33.) The Bankruptcy Court held that, in considering all the circumstances surrounding the late-filed claims by Appellants, Appellants had not demonstrated their late-filed claims were due to excusable neglect. (Id.) The Bankruptcy Court entered an order incorporating the December 15, 2020 bench ruling. (Doc. 16-7.) Appellants timely filed notice of appeal. (Doc. 1.) This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

On appeal from a bankruptcy proceeding, this court reviews the Bankruptcy Court's legal conclusions de novo and its factual findings for clear error. In re Jenkins, 784 F.3d 230, 234 (4th Cir. 2015). "Under the clear error standard, a reviewing court must affirm the lower court's findings of fact so long as they are plausible in light of the record viewed in its entirety,

-4-

even if the reviewing court might have reached a different conclusion." Robinson v. Worley, 540 B.R. 568, 573 (M.D.N.C. 2015), aff'd, 849 F.3d 577 (4th Cir. 2017) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573–74 (1985)).

Appellants argue this court should review the first issue on appeal de novo and the second issue on appeal for clear error. (Appellants' Br. (Doc. 21) at 5.) Debtor-Appellee and other respondents argue that both issues should be reviewed for clear error, and the Bankruptcy Court's ultimate conclusion that the late-filed proofs of claim were not the result of excusable neglect should be reviewed for abuse of discretion. (Debtor-Appellee's Resp. Br. (Doc. 22) at 6–7; Resp. Br. of Wells Fargo Bank (Doc. 24) at 4; Juniper Time Investors Answering Br. (Doc. 25) at 6–7.)

Under Fed. R. Bankr. P. 9006(b)(1), a bankruptcy court can allow motions filed after the filing date where the failure to timely file was the result of excusable neglect. Fed. R. Bankr. P. 9006(b)(1). "The determination of whether excusable neglect exists involves findings of fact, which are not to be set aside on appeal unless clearly erroneous." In re Davis, 936 F.2d 771, 774 (4th Cir. 1991) (citations omitted). "The court's decision on a Rule 9006(b) motion is to be reversed only for an abuse of discretion." Id. (citations omitted). Therefore, this court will

-5-

review the Bankruptcy Court's findings of fact for clear error, and the Bankruptcy Court's determination that excusable neglect did not exist for abuse of discretion.

III. **ANALYSIS**

To determine whether, under Fed. R. Bankr. P. 9006(b)(1), neglect is excusable, the Supreme Court listed several factors a court should consider, including: (1) "the danger of prejudice to the debtor"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Determining whether excusable neglect exists "is at bottom an equitable [decision], taking account of all relevant circumstances surrounding the party's omission." Id. "[A] district court should find excusable neglect only in the extraordinary cases where injustice would otherwise result." Symbionics Inc. v. Ortlieb, 432 F. App'x 216, 219 (4th Cir. 2011) (internal quotation marks omitted) (quoting Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996)).

Two issues are before this court on appeal: (1) whether the Bankruptcy Court erred in considering only prejudice to the creditors and not considering prejudice to Debtor-Appellee; and

-6-

(2) whether the Bankruptcy Court erred in finding Appellants did not provide a reason for the delay. (Appellants' Br. (Doc. 21) at 5.)

### A. Danger of Prejudice to Debtor

Appellants assert there is no danger of prejudice to Debtor-Appellee in allowing these late-filed claims and argue the Bankruptcy Court erred by not considering the danger of prejudice to Debtor-Appellee. (Id. at 11-18.) Debtor-Appellee responds that the first Pioneer factor has been interpreted by the Fourth Circuit to include not only the danger of prejudice to the debtor but also the danger of prejudice to all non-movants, and therefore the Bankruptcy Court properly applied the first Pioneer factor. (Debtor-Appellee's Resp. Br. (Doc. 22) at 19.)

The Fourth Circuit, interpreting Pioneer, has consistently interpreted the first Pioneer factor to include not only prejudice to the debtor but also prejudice to non-movants or the opposing party. See Thompson, 76 F.3d at 533 (quoting Pioneer, 507 U.S. at 395) (noting the court should consider "the danger of prejudice to the [non-movant]" in determining whether there was excusable neglect); Symbionics, 432 F. App'x at 219 (quoting Pioneer, 507 U.S. at 395) (listing the first Pioneer factor as danger of prejudice to the opposing party). Therefore, this

-7-

Case 1:21-cv-00074-WO   Document 29   Filed 09/13/21   Page 7 of 17

court finds the Bankruptcy Court properly applied the first Pioneer factor when it considered the danger of prejudice to other creditors.

Appellants argue a court must consider all four Pioneer factors, and that the Bankruptcy Court therefore erred when it did not consider the danger of prejudice to Debtor-Appellee. (Appellants' Br. (Doc. 21) at 18.) This court disagrees. The Supreme Court in Pioneer did not state a court must consider the factors listed; rather the Supreme Court noted courts should "tak[e] account of all relevant circumstances . . . includ[ing] . . . the danger of prejudice to the debtor." Pioneer, 507 U.S. at 395 (emphasis added). When faced with a similar question, another court in this district noted that the Fourth Circuit, applying Pioneer, "did not even consider the other three [Pioneer] factors." Brendle's Inc. v. Dazey Corp., No. 1:19CV975, 1998 U.S. Dist. LEXIS 7746, at *12 (M.D.N.C. Mar. 9, 1998) (citing Thompson, 76 F.3d at 534). Therefore, this court finds the Bankruptcy Court did not err by failing to consider the danger of prejudice to Debtor-Appellee.

Here, the Bankruptcy Court considered the danger of prejudice to creditors. The Bankruptcy Court noted that "it is uncontested that allowing the creditors' late file[d] claim would significantly reduce the dividend to general unsecured

-8-

creditors." (Partial Hr'g Tr. (Doc. 20-1) at 26.) In In re Montaldo Corp., a bankruptcy court in this district did not find excusable neglect in a Chapter 11 bankruptcy case because allowing the late-filed proof of claim would create an inequitable situation where creditors who timely filed their proofs of claim would receive a significantly lower amount. 209 B.R. 40, 48 (Bankr. M.D.N.C. 1997). Appellants argue this case is factually distinct from In re Montaldo Corp. because the late-filed claim in that case was filed seven months late, whereas here Appellants' claims were filed five days late. (Appellants' Br. (Doc. 21) at 16.) That Appellants' claims were filed several days late rather than several months late is not dispositive. See In re Diggs, 220 B.R. 247, 251 (Bankr. M.D.N.C. 1998) (holding that where creditor's claim was filed one day late, excusable neglect did not exist).

Appellants also argue that if their claims are not allowed, creditors will receive a windfall consisting of some portion of funds that would otherwise go to Appellants. (Appellants' Br. (Doc. 21 at 17.) Appellants argue that the loss of a windfall is not prejudicial. (Id.) However, Appellants cite no binding law in support of that argument. (Id.) In the absence of compelling legal authority, this court is not persuaded the equities support Appellants' argument. The suggestion of an alleged

-9-

"windfall" is derived from Appellants' gain from proceedings separate from the bankruptcy proceeding. However, the existence of a bankruptcy claim and the entitlement to payment is determined within the context of bankruptcy rules and administration; those rules require parties to act diligently in asserting claims. The failure to act diligently can harm other creditors of the Debtor-Appellee.

Appellants also cite In re McKissick, 298 B.R. 535 (Bankr. W.D. Pa. 2003), in support of their argument that there is no danger of prejudice to creditors in allowing Appellants' claims. (Appellants' Br. (Doc. 21) at 17.) However, in In re McKissick, the debtor had yet to negotiate and file a confirmation of a plan before the creditor filed its motion to allow late-filed claims, and the reason for delay was that the debtor had listed the wrong address for the creditor on the debtor's Creditor Matrix. In re McKissick, 298 B.R. at 540 ("This is not a case where Debtor has negotiated a plan, sought creditor approval, and obtained confirmation of a plan. . . . The facts of record lead us to conclude that there is no prejudice in allowing [the creditor] to file its proof of claim."). Unlike In re McKissick, here Debtor-Appellee had negotiated and sought approval of its settlement agreement with other creditors from the Bankruptcy Court, (Doc. 17-21), before Appellants filed their Motion to

-10-

Allow Claims, (Doc. 17-23). Moreover, unlike Appellants, the creditor in In re McKissick offered a compelling reason for the delay. In re McKissick, 298 B.R. at 540. Therefore, this court finds Appellants have not shown that there is no danger of prejudice to the creditors in allowing Appellants' claims.

Further, even if the Bankruptcy Court had considered the danger of prejudice to Debtor-Appellee, this would not have changed the determination that the first Pioneer factor weighs in favor of Debtor-Appellee. Assuming, as Appellants argue, that there is no danger of prejudice to Debtor-Appellee by allowing Appellants' late-filed claims, (see Appellants' Br. (Doc. 21) at 12-17), this does not negate the danger of prejudice to other non-moving parties, including the creditors, who timely filed their proofs of claim. As discussed already, allowing these late-filed claims will significantly reduce the amount the creditors will receive under the plan. Additionally, the other creditors and Debtor-Appellee engaged in significant mediation discussions, which Appellants did not attend. (See Report of Mediator (Doc. 17-17) at 3-6.) These are significant facts weighing in favor of Debtor-Appellee. Accordingly, this court finds the Bankruptcy Court's failure to address the danger of prejudice to Debtor-Appellee was not clearly erroneous.

-11-

**B. <u>Reason for the Delay</u>**

In addition to arguing the Bankruptcy Court erred in applying the first Pioneer factor, Appellants argue the Bankruptcy Court erred in applying the third Pioneer factor – the reason for the delay. (Appellants' Br. (Doc. 21) at 18-21.) Debtor-Appellee argues the Bankruptcy Court properly applied the third Pioneer factor. (Debtor-Appellee's Resp. Br. (Doc. 22) at 24-27.) Appellants' reason for delay was that they believed their attorney, who represented them in a related state court matter, was representing them and handling everything related to this case. (Appellants' Br. (Doc. 21) at 19-20.) Debtor-Appellee responds that this argument has been routinely rejected by courts. (Debtor-Appellee's Resp. Br. (Doc. 22) at 25.)

Here, the Bankruptcy Court accepted that Appellants believed their attorney was still representing them in the bankruptcy proceeding, (see Partial Hr'g Tr. (Doc. 20-1) at 32), but disagreed with Appellants that their reason for the delay constituted excusable neglect. (Id. at 30 (citing In re Wrenn Assocs., Inc., Bankruptcy No. 04-11408, 2005 WL 3369272, at *4 (Bankr. D.N.H. Nov. 29, 2005) (holding that where the creditor's counsel did receive notice of the bankruptcy case and "was actively representing the [creditor] in a state court proceeding

-12-

. . . the [creditor] is bound by its counsel's actions or inactions").)

"[T]he third Pioneer factor — the untimely party's reason for the delay — is the most important to the excusable neglect inquiry." Symbionics, 432 F. App'x at 219 (citing Thompson, 76 F.3d at 534). This court finds that although Appellants offered a reason for the delay, namely that they believed their attorney would handle the filings, that reason does not support a finding of excusable neglect. The Supreme Court has explicitly rejected an argument "that it would be inappropriate to penalize [the creditors] for the omissions of their attorney." Pioneer, 507 U.S. at 396. In Pioneer, the Supreme Court cited two cases in support of the assertion that clients are held accountable for the acts and omissions of their attorneys. The first case "held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference." Id. (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)). The second case held "that a client could be penalized for counsel's tardy filing of a tax return." Id. at 397 (citing United States v. Boyle, 469 U.S. 241 (1985)). "Consequently, in determining whether [the creditors'] failure to file their proofs of claim prior to the bar date was

excusable, the proper focus is upon whether the neglect of [the creditors] and their counsel was excusable." Id.

Although it is unclear from the record whether Appellants' attorney was retained by Appellants for this bankruptcy proceeding, assuming, as Appellants contend, that he was, Pioneer makes clear that Appellants "must be held accountable for the acts and omissions of their attorney[]." Pioneer, 507 U.S. at 396. This court is not convinced that Appellants' counsel, rather than Appellants themselves, are to blame for these late-filed claims. However, assuming Appellants' attorney was representing them in this bankruptcy proceeding, the record is clear that Appellants' claims were filed late, and the only offered reason is that Appellants believed their attorney was handling it. (Appellants' Br. (Doc. 21) at 19.) Appellants offer no reason, other than attorney-client privilege, for why their attorney filed their claims five days late. (Id. at 19-20.) The record indicates Appellants' attorney was not aware of the claim bar date until May 25, 2020 – after the May 20, 2020 deadline. (Final Pre-Trial Stipulation (Doc. 19-16) at 326.) And Appellants were aware of the claim bar date but still filed their claims late. (Id. at 269-72.) This does not meet the standard of excusable neglect. See In re Gantt, No. 96-1721, 1998 WL 416798, at *3 (4th Cir. 1998) (holding that where the

-14-

creditor's counsel "deliberately chose to miss the deadline" and "knew the rule but simply thought it was not binding," the creditor has not established there was excusable neglect).

Throughout these proceedings, Appellants have refused to elaborate on their failure to timely file their claims beyond stating they believed their attorney was handling it; Appellants have continuously invoked the attorney-client privilege. (Final Pre-Trial Stipulation (Doc. 19-16) at 276 ("Everything related to the filing – the late filing of the Proof of Claims, I would like to assert attorney-client privilege.").) This court finds that assertion of the attorney-client privilege to avoid disclosing a factual basis upon which to explain excusable neglect is insufficient to merit relief. Appellants have put attorney-client privilege at issue by using that privilege in support of their reason for the delay, and federal courts have consistently held that the attorney-client privilege is waived when a party puts the attorney-client privilege "at issue." See, e.g., Seneca Ins. Co. v. W. Claims, Inc., 774 F.3d 1272, 1276-78 (10th Cir. 2014). A party waives attorney-client privilege where the party's:

    (1)    assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party;

(2) through this affirmative act, the asserting party
      put the protected information at issue by making
      it relevant to the case; and

  (3) application of the privilege would have denied
      the opposing party access to information vital to
      [its] defense.

Id. at 1276 (brackets in original) (quoting Frontier Refining, Inc. v. Gorman-Rupp Co., 136 F.3d 695, 701 (10th Cir. 1998)).

Here, Appellants have put the attorney-client privilege "at issue" because their assertion of the privilege was the result of their filing their Motion to Allow Late Proofs of Claim; through filing that Motion, Appellants put the reason for the delay at issue since that is one of the four Pioneer factors to determine whether there was excusable neglect. The application of the attorney-client privilege denies Debtor-Appellee access to information necessary to determine whether Appellants have offered a valid reason for the delay. Because this court finds asserting attorney-client privilege is not a sufficient reason for the delay, this court finds the Bankruptcy Court did not err in finding Appellants did not offer a valid reason for the delay.

Even if Appellants have not waived attorney-client privilege, the record shows that Appellants' actions do not establish excusable neglect. Appellants' principal was aware that Debtor-Appellee had filed Chapter 11 bankruptcy proceedings

-16-

on "the day that it was filed," was aware of the Claims Bar Date and the Claims Notice, and had an associate investigate Debtor-Appellee's Schedules and Statements, (Final Pre-Trial Stipulation (Doc. 19-16) at 269-72), yet Appellants failed to timely file their proofs of claim. Thus, the record establishes the reason for the delay "was within the reasonable control of [Appellants]." Pioneer, 507 U.S. at 395.

In sum, the Bankruptcy Court considered Appellants' purported reason for the delay and found that Pioneer factor weighed in favor of Debtor-Appellee. Accordingly, this court finds the Bankruptcy Court's finding was not clearly erroneous. Therefore, this court will affirm the Bankruptcy Court's order.

## IV. CONCLUSION

For the foregoing reasons, this court affirms the order of the Bankruptcy Court. (Doc. 16-7.)

**IT IS ORDERED** that the Order of the Bankruptcy Court, (Doc. 16-7), is **AFFIRMED.**

This the 13th day of September, 2021.

_____
United States District Judge